E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

|  |  |  |
|---|---|---|
| ANTONIO LAREDO | ) | Case No. 22-2713 |
| *Plaintiff(s)* | ) | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) ) ) ) ) | |
| -v- | ) ) ) ) | |
| USA ET AL | ) ) | |
| *Defendant(s)* | ) | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.) | ) ) ) | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $50) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months. See 28 U.S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid. See 28 U.S.C. § 1915(b). **A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.**

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

**I.**    **The Parties to This Complaint**

    **A.**    **The Plaintiff(s)**

    Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

    Name    ANTONIO LAREDO

    All other names by which

    you have been known:

    ID Number    69879-066

    Current Institution    ALLENWOOD   LSCI

    Address    PO BOX 1000

    White DEER    PA    17887

            *City*      *State*      *Zip Code*

    **B.**    **The Defendant(s)**

    Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

    Defendant No. 1

        Name    USA

        Job or Title *(if known)*

        Shield Number

        Employer

        Address

            *City*      *State*      *Zip Code*

        ☐ Individual capacity    ☒ Official capacity

    Defendant No. 2

        Name    Ms. THOMPSON

        Job or Title *(if known)*    WARDEN LSCI

        Shield Number

        Employer    BOP

        Address    allenwood LSCF

            *City*      *State*      *Zip Code*

        ☒ Individual capacity    ☐ Official capacity

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

Defendant No. 3

Name                            _UNKNOWN NAME_

Job or Title *(if known)*        _WARDEN  PHIL_

Shield Number                   _____

Employer                        _FBOP_

Address                         _____

|  City  |  State  |  Zip Code  |
|--------|---------|------------|

☒ Individual capacity     ☒ Official capacity

Defendant No. 4

Name                            _____

Job or Title *(if known)*        _____

Shield Number                   _____

Employer                        _____

Address                         _____

|  City  |  State  |  Zip Code  |
|--------|---------|------------|

☐ Individual capacity     ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☒ Federal officials (a *Bivens* claim)

☐ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

_____

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

8ᵗʰ amendment about Cruel and Unusual Punishment

D.     Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐    Pretrial detainee

☐    Civilly committed detainee

☐    Immigration detainee

☐    Convicted and sentenced state prisoner

☒    Convicted and sentenced federal prisoner

☐    Other *(explain)* _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.     If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.     If the events giving rise to your claim arose in an institution, describe where and when they arose.

Page 4 of 11

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

C.        What date and approximate time did the events giving rise to your claim(s) occur?

_____

D.        What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

_____

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

_____

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

_____

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

VII.   **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

TORT CLAIMS ACT

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☒ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☒ No

☐ Do not know

If yes, which claim(s)?

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.      If you did file a grievance:

1.  Where did you file the grievance?

_Medical Services_

2.  What did you claim in your grievance?

_____

3.  What was the result, if any?

_____

4.  What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

_____

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

_Tort actions does not require local grievance just Tort Claim._

2.    (If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_(see above)_

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

 Yes

No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

   1.    Parties to the previous lawsuit

         Plaintiff(s) _____

         Defendant(s) _____

   2.    Court *(if federal court, name the district; if state court, name the county and State)*

         _____

   3.    Docket or index number

         _____

   4.    Name of Judge assigned to your case

         _____

   5.    Approximate date of filing lawsuit

         _____

   6.    Is the case still pending?

         ☐ Yes

         ☐ No

         If no, give the approximate date of disposition. _____

   7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

         _____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

☐ Yes

☐ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.    Docket or index number

_____

4.    Name of Judge assigned to your case

_____

5.    Approximate date of filing lawsuit

_____

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition    _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

TRULINCS  69879066 - LAREDO, ANTONIO - Unit: ALF-L-A

--------------------------------------------------------------------------------

FROM: 69879066
TO: Vega, Polito
SUBJECT: Demand
DATE: 06/11/2022 01:42:04 PM

IN THE US DISTRICT COURT FOR THE DISTRICT OF MIDDLE PENNSYLVANIA

ANTONIO LAREDO
    PLAINTIFF

V.

USA, FEDERAL BOP, DIRECTOR OF THE FBOP, US ATTORNEY GENERAL,
WARDEN OF ALLENWOOD LSCI , WARDEN OF PHL, ET AL.
    DEFENDANTS

COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT AND A BIVENS ACTION

Comes plaintiff Antonio Laredo acting prose and files this Complaint with court stating and pleading:

PLAINTIFF

Plaintiff is an inmate under the custody of the Federal BOP living at Allenwood LSCI in Pennsylvania.

Inmate is a 52 year old Hispanic that is serving a ------months sentence for a violation of----------*drugs* .

While plaintiff was housed at PHL on March 28, 2019, he slip on a wet floor that was not marked and slippery or wet.

Plaintiff is claiming here deliberate indifference from the housing he was living at _FDG-PHL_ for not making people

aware that the floor was wet and dangerous. He is also claiming deliberate indifference from the various medical employees

and/or contractors acting for the Federal BOP  that were totally indifferent to his pains and anguish that was the result of

the accident he had at that correctional institution. Plaintiff is claiming that in the correctional institution of PHL and

Allenwood Low SCI the medical employees or contractors had been deliberately indifferent to  his physical hurts that will be

detailed latter in this action.

DEFENDANTS

USA is responsible for the actions taken by the Federal BOP by act or omissions that resulted in plaintiff's pain and anguish

caused by the failure to act in marking the floor that plaintiff slip as wet or dangerous as is required by law and _____

to advice any person walking through the wet area as dangerous and advising carefulness. Also the USA is responsible for r

the deliberate indifference presented by the various FBOP employees and/or contractors that failed to address in an

adequate way the injuries that plaintiff got from slipping at the wet floor. Federal BOP is and agency of the Federal

government of the USA and is under the Department of Justice and Federal cabinet entity with the Attorney General as its

head.

The Director of the Federal Bureau of Prisons....

The US Attorney General.....

TRULINCS  69879066 - LAREDO, ANTONIO - Unit: ALF-L-A

--------------------------------------------------------------------------------------------

The Federal Bureau of Prisons is responsible for the functioning of all Federal correctional institutions for the custody of all federal inmates, is responsible for the actions or omissions of all its employed and contractors, is responsible for enacting rules and regulations in all federal prisons including PHL where the accident happened and PHL and Allenwood LSCI that failed with deliberate indifference to adequately address his injuries for almost 3 years.

The warden of PHL and the warden of Allenwood LSCI are responsible for the maintenance of their prisons and responsible for the actions or omissions of their employees and/or contractors.

Liju Mathew is a FNP-BC  is an employee and/or contractor working at the PHL correctional institution on 03/24/2021 who had an intervention with plaintiff at the medical service department of PHL giving only the medicament naproxen 500 mg to plaintiff for the pain he was feeling in spite of plaintiff complaining that that medication was not working to ease his pain. Liju Mathew was aware or should have been aware of the accident suffered by plaintiff and the immense pain on hi neck caused by an hernia to some of hos upper vertebrae. Defendant Liju Mathew also had significant interventions as a medical service employee and/or contractor in the following dates:

Liju Mathew acted with deliberate indifference toward plaintiff's pains and discomfort.

Or. Odeida Dalmasi was an MD/CD at PHL correctional  institution on the following dates:

Dr. Dalmasi had significant interventions with plaintiff at the PHL medical service department. Dr Dalmasi was in care of plaintiff's health and well being and  knew or should have known about plaintiffs accident and should have made significant interventions about plaintiff's pains to ease the pain and discomfort that plaintiff was complaining constantly. Dr. Dalmasi acted with deliberate indifference to the pain and discomfort of plaintiff who was complaining that he could not even sleep because of the pain in his neck. Dr. Dalmasi could have recommended surgery, therapy and a higher pain management medication to plaintiff but failed to do it.

R.Kisler was an NP employee or contractor with PHL institution. Has significant interventions with plaintiff in the medical services department at PHL. NP Kisler showed deliberate indifference toward plaintiff's pain and discomfort. NP kisler is responsible also for not recommending or giving plaintiff therapy and/or pain management medications that could at least dampened the pain.

NP Christine Nelson, as an employee and/or contractor with the Federal BOP had significant interventions with plaintiff at the PHL medical services department. NP Nelson showed deliberate indifference toward plaintiff's pains and discomforts and did not offered plaintiff any medications or therapies that could have at least eased his pain.

J. Griffith PA-C as an employee and/or contractor with the Federal BOP had also significant encounters with plaintiff at the medical services department at PHL institution. J. Grffith showed deliberate indifference toward plaintiff's pain and

TRULINCS 69879066 - LAREDO, ANTONIO - Unit: ALF-L-A
--------------------------------------------------------------------------------------------------

discomfort and did not recommended or gave plaintiff any pain management medications to at least ease the pain or

recommended therapy or surgery.

 John Stoltz, PA-C was and is plaintiff's PA at Allenwood Low SCI. PA Stoltz had significant interventions with plaintiff. PA

Stoltz showed deliberate indifference toward plaintiff's pain, discomfort and well being by not following the required

protocols of pain management, not giving plaintiff better pain management medication, recommending therapy and surgery

when he was aware of the conditions of plaintiff, his injuries, accident and condition. Plaintiff always complaint that he

could not even sleep and presented chronic pain on his neck and back. His injuries due to the accident he suffered at PHL

had been confirmed now (May 30, 2022) by a specialist orthopedic surgeon that has scheduled surgery to plaintiff.

Scott Flick (MAT) PA-C was and is a PA employed or under contract with the FBOP at Allenwood LSCI. PA Flick showed

deliberated indifference toward plaintiff's pain and discomfort by not following the required medical protocols of pain

management, not prescribing higher doses of pain management medications, or recommending therapy and surgery even

thought PA Flick was aware of the pain and its causes.

Catherine Gore FNP/BC

FACTS

While residing at FDC-PHL a correctional institution under the Federal BOP plaintiff fell down on dirty water product of a

trash bag while he was going to get his food. The fell was of a real strong nature that caused critical pain on plaintiff's neck.

shoulders and back. The pain has been so unbearable that plaintiff has not bene able to sleep at night. Plaintiff immediately

complained at the FDC-PHL medical services department. In spite of having x rays and some pain maneen medications the

pain has continued to worsen. All defendants named above has been deliberately indifferent toward plaintiff's well being and

health.

Recently, and residing at Allenwood LSCI an orthopedic specialist recommended an MRI and surgery of neck to plaintiff, thus

demonstrating that the previous medical care was deficient and deliberate indifference to plaintiff's pain and health

problems.

JURISDICTION AND STANDARD OF REVIEW

The Tort Claims Act sets jurisdiction on this court to deal with tort claims against the US Government, its agencies and

employees. Inmate was housed and is housed in the US District Court Of Middle Pennsylvania.

Biven's v. Unknown Federal Agents sets also jurisdiction on this court and allows tortious and civil rights violations against

federal agencies, its employees and/or contractors that have shown like in the present case of deliberate indifference

toward the medical care of an inmate based on the 8th amendment of the US constitution against unusual punishment.

Here plaintiff is using both, Tort Claims Act and Biven's case to make his claims against defendants.

TRULINCS 69879066 - LAREDO, ANTONIO - Unit: ALF-L-A

--------------------------------------------------------------------------------

DISCUSSION OF FACTS AND LAWS

Plaintiff claims here that he fell down on the floor because of dirty water in the prison unit he was residing. The Federal BOP has custody of plaintiff and is ultimate responsible for any injuries that an inmate suffers while housed on any correctional institutions, and mostly for the medical care that an inmate receives while under the custody of the FBOP. Plaintiff must show deliberate indifference toward the inmate meaning disregarding the pain and medical situation of an inmate in a deliberate way. Deliberate indifference is shown when, for example ad in the recent situation, the inmate has been complaining almost daily and going to the medical service in all the institutions he has been, complaining of severe pain and his neck, shoulders and back as a result of the accident he suffered while under the custody of the FBOP. The defendants here had other and better alternatives to manage the pain of inmate and deliberately decided not to use them allowing the pain and deterioration of inmate's neck to continue for several months.

In the present case there is much medical evidence that plaintiff was persistently going to medical "sick call" (sick call is when an inmate goes to medical services looking for advice or to complain about illness or pain) always complaining of very severe pain on his neck, shoulders and back, complaining of bout that the pain management medications were not easing his pain and it was becoming worse. The defendants named here by themselves or as superiors by supervision or employees of those in personal contact with plaintiff. showed on did deliberate indifference toward plaintiff by not doing what the medical protocols would advice or not allowing a change of medications or therapy or surgery.

DAMAGES

Plaintiff is claiming the following damages:

$350,000.00 for pain and deterioration of his spine and neck's cartilages.

$500,000.000 for future pain and deterioration.

$1,500.00 for future income loss. He had a ranch in Mexico where he was keeping cattle and horses. He had some employees but he was the main worker. Assuming he could have worked until he was 75 years old. He will be out of prison when he will be 65. 10 years of work multiplied by $350,000.00 a year in in come he was doing is $3,500.00 in future income we assume he could do 50% of work because his pain and injuries that is $1,750,000.00

Total: $2,850,000.00

Punitive damages:

$1,0000.00 for comp tempt and dragging the case without settlement.

Total: $3,850,000.00

PLEA
 PLAINTIFF PLEADS THE COURT :